## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GILBERT AGUIRRE,
               Appellant,

        v.

DEPARTMENT OF DEFENSE,
               Agency.

DOCKET NUMBER
SF-4324-22-0026-I-1

DATE: November 6, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Gilbert Aguirre</u>, Sacramento, California, pro se.

<u>Christine Yen</u>, Esquire, Stockton, California, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant, a veteran, has filed a petition for review of the initial decision, which denied him corrective action in his appeal under the Uniformed Services Employment and Reemployment Rights Act (USERRA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The agency terminated the appellant during his probationary period based on his arrest for driving under the influence of alcohol (DUI) and surrounding circumstances, including the appellant's attempt to use his Police Officer position to obtain leniency from the arresting officer, and the need to cancel an upcoming 12-week training course for the appellant due to issues stemming from his arrest. Initial Appeal File (IAF), Tab 4 at 17, 21-33; Hearing Transcript, Day 2 (HT 2) at 140-41 (testimony of the deciding official). In addition to issues related to the DUI incident, the termination notice referenced a written counseling the appellant received for inappropriate conduct toward a female contractor and his placement on leave restriction. IAF, Tab 4 at 17, 34-36. The appellant appealed his termination to the Board, alleging that the agency treated him more harshly than veterans who did not have combat experience, a claim the administrative judge recognized as a USERRA appeal.[2] IAF, Tab 1, Tab 10 at 4-6, Tab 11 at 1, Tab 50 at 4. After holding a hearing, the administrative judge found that the

---

[2] The Board has recognized that USERRA prohibits discrimination based not only on the fact of military service, but also on the particulars of that service. *Beck v. Department of the Navy*, 120 M.S.P.R. 504, ¶ 10 (2014).

appellant's written counseling, leave restriction, and termination were covered actions under USERRA's antidiscrimination provisions. IAF, Tab 61, Initial Decision (ID) at 3, 15, 18, 21. However, the administrative judge applied the factors set forth in *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001), to find that the appellant failed to show that his military service—as a combat veteran or otherwise—was a substantial or motivating factor in those actions. ID at 15-23. We discern no reason to disturb the initial decision.[3]

¶3        We acknowledge that in the discussion of the leave restriction letter the administrative judge erred in finding that the appellant's managers were unaware of the appellant's status as a veteran. Petition for Review (PFR) File, Tab 3 at 16-17; ID at 16, 20. Based on his approved use of disabled veteran leave and testimony from his managers about his use of such leave, the appellant established that his managers likely knew he had served in the military. IAF, Tab 34 at 14, 16-19; HT 2 at 43, 187 (testimony of the Captain, testimony of the Deputy Chief of Police); *see* 5 U.S.C. § 6329. However, even if the appellant's management knew of his military service, the administrative judge correctly found that there was no indication that they knew of the fact of his combat service, which was the basis for the appellant's USERRA claim. ID at 16; IAF, Tab 50 at 4.

---

[3] The appellant argues on review that he has new and material evidence and argument regarding the DUI arrest of a Lieutenant, who, unlike him, was not removed from his position following the arrest. Petition for Review File, Tab 3 at 29-31. Contrary to the appellant's assertions, evidence regarding the Lieutenant's DUI was presented at length during the appeal. IAF, Tab 39 at 13-14; Hearing Transcript, Day 1 at 77-83, 99-105, 134-35 (testimony of the Lieutenant, testimony of the former Deputy Chief of Police, testimony of the combat veteran former Police Officer); HT 2 at 24-28, 87-88, 95-98, 148-51, 172-76 (testimony of the Captain, testimony of the concurring official, testimony of the deciding official, testimony of the Deputy Chief of Police). The initial decision reflects that the administrative judge considered the evidence and concluded that it failed to show that the appellant's military service, including his combat experience, was a substantial or motivating factor in his termination. ID at 21-23. Among other things, the administrative judge found that, unlike the appellant, the Lieutenant was a tenured employee at the time of the incident. ID at 23. The appellant has not presented sufficient reasons to disturb the administrative judge's findings.

¶4    We also acknowledge that the administrative judge erred in noting that the appellant had a prior DUI which he did not disclose on his Declaration for Federal Employment. PFR File, Tab 3 at 32-33; ID at 2 n.1; IAF, Tab 4 at 43-44. However, contrary to the appellant's claim that the administrative judge's erroneous finding "materially impacted" the results of his appeal, PFR File, Tab 3 at 33, there is no indication that the administrative judge relied on the finding to conclude that the appellant failed to meet his burden of showing that his military service was a substantial or motivating factor in his termination or any other agency action.

¶5    Finally, the appellant argues that the administrative judge erred in denying his motion to certify an interlocutory appeal of a ruling denying ten witnesses on relevance grounds, a ruling denying a second motion to compel discovery, a finding that his rights under *National Labor Relations Board v. J. Weingarten, Inc.*, 420 U.S. 251 (1975), were not at issue, and notice that she may draw an adverse inference from his invocation of his privilege against self-incrimination regarding his DUI arrest. PFR File, Tab 3 at 28-29; IAF, Tabs 53-54. An administrative judge will certify a ruling for review on interlocutory appeal only if the record shows that: (a) the ruling involves an important question of law or policy about which there is substantial ground for difference of opinion; and (b) an immediate ruling will materially advance the completion of the proceeding, or the denial of an immediate ruling will cause undue harm to a party or the public. 5 C.F.R. § 1201.92.

¶6    The Board will not reverse an administrative judge's denial of a request for certification absent an abuse of discretion. *Ryan v. Department of the Air Force*, 117 M.S.P.R. 362, ¶ 5 n.1 (2012); *Robinson v. Department of the Army*, 50 M.S.P.R. 412, 418 (1991). Here there is no abuse of discretion as the appellant's requests did not meet the Board's criteria for certifying an interlocutory appeal. 5 C.F.R. § 1201.92; *see Cooper v. Department of the Navy*, 98 M.S.P.R. 683, ¶ 6 (2005) (finding that a discovery dispute is not

a sufficient basis to certify an interlocutory appeal); *Keefer v. Department of Agriculture*, 92 M.S.P.R. 476, ¶ 7 (2002) (finding that an administrative judge properly declined to certify an interlocutory appeal because the issue, on its face, did not involve an important question of policy or law).  Moreover, any alleged error regarding the ruling is cured by our consideration of the appellant's arguments on petition for review.  *Strauss v. Office of Personnel Management*, 39 M.S.P.R. 132, 135 n.1 (1988); *see Ryan*, 117 M.S.P.R. 362, ¶ 5 n.1.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board,* 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Jennifer Everling

FOR THE BOARD: _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.